upon the effect or validity of such preëmption should it be undertaken. *State, ex rel. Sorensen v. Farmers State Bank,* 121 Neb., 532.

The precise question here presented is new in this jurisdiction, but the ruling appealed from is supported in tendency, at least, by a number of decisions, and will be upheld.

Affirmed.

---

C. W. FRANCY POST NO. 70 OF THE AMERICAN LEGION OF THE DEPARTMENT OF NORTH CAROLINA AT OTEEN, N. C.; THE NORTH CAROLINA DEPARTMENT OF THE AMERICAN LEGION; THE AMERICAN LEGION, A CORPORATION; AND WACHOVIA BANK AND TRUST COMPANY, TRUSTEE, v. CENTRAL BANK AND TRUST COMPANY ET AL.

(Filed 15 March, 1933.)

(For digest see *Flack v. Hood, Comr., ante,* 337.)

APPEAL by plaintiffs from *Clement, J.,* at October Term, 1932, of BUNCOMBE. Reversed.

The object of the action is to obtain a preference on certain funds deposited in the Central Bank and Trust Company by declaring the defendants trustees for the plaintiffs of $5,384.79 which has been intermingled with the funds of the defendants on deposit in the Wachovia Bank and Trust Company to the credit of the Commissioner of the Central Bank and Trust Company; also to restrain the disbursement of funds until the sum of $5,384.79 is set apart for the benefit of the plaintiffs, or in lieu thereof that a lien be engrafted upon all the assets of the Central Bank and Trust Company to secure the payment of the stated amount.

The parties waived a trial by jury and agreed that the judge should hear the evidence, find the facts, and render judgment. The court found the facts and adjudged that the plaintiffs are not entitled to a preference but to a pro rata share in the assets.

*Bourne, Parker, Arledge & DuBose for plaintiffs.*
*Johnson, Smathers & Rollins for defendants.*

ADAMS, J. It is the opinion of the Court that the plaintiffs are entitled to a preference and that the case is governed by the principles stated in *Parker v. Trust Co.,* 202 N. C., 230, and *Flack v. Hood, Comr., ante,* 337. Judgment

Reversed.